This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37785**

**EDWIN B. TATUM, individually
and as Personal Representative
of the ESTATE OF SUSAN TATUM,
Deceased,**

 Plaintiffs,

v.

**JOHN R. MCCAULEY, JANICE
MARIE BROWN a/k/a JANICE
MARIE WIDMER, and SUSAN
RECECONI,**

 Defendants,

and

**JOHN R. MCCAULEY, JANICE
MARIE BROWN a/k/a JANICE
MARIE WIDMER, and SUSAN
RECECONI,**

 Third-Party Plaintiffs/Appellants,

v.

**RUBIN KATZ LAW FIRM a/k/a
RUBIN KATZ LAW FIRM P.C.,**

 Third-Party Defendant/Appellee,

and

**JAMES ALLEY, Deceased,**

Third-Party Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Court Judge**

Western Agriculture, Resource & Business
A. Blair Dunn
Albuquerque, NM

for Appellants

Butt Thornton & Baehr PC
Rodney L. Schlagel
Sherill K. Filter
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**     Appellants appeal from the district court's order dismissing their claims for legal malpractice as barred by the statute of limitations. In this Court's notice of proposed disposition, we proposed to summarily affirm. Appellants filed a memorandum in opposition (MIO) and Appellee filed a memorandum in support (MIS), both of which we have duly considered. Remaining unpersuaded by Appellants' arguments, we affirm.

**{2}**     In their memorandum in opposition, Appellants contend this Court's notice of proposed disposition reflects a misunderstanding of the relevant facts regarding the nature of water rights litigation and the false representations made by Appellee. [MIO 2-3] In our calendar notice, we proposed to conclude Appellants did not meet their burden of showing diligent pursuit of their legal malpractice claims, which they first brought to Appellee's attention in 2010. [CN 4-5] Appellants' generalized assertion that the water rights litigation involved extensive diligent efforts does not convince us that our proposed conclusion was in error. [MIO 2-3] *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 ("The mere assertions and arguments of counsel are not evidence.").

**{3}**     Appellants further assert we misunderstand their position that their malpractice claims could not be brought until conclusion of the water rights adjudication in 2017. [MIO 3] However, the allegations in Appellants' third-party complaint, which we accept as true for purposes of our review, *see Walsh v. Montes*, 2017-NMCA-015, ¶ 6, 388 P.3d 262, foreclose Appellants' argument on this point because Appellants alleged Appellee had prior knowledge of the water rights and that Mr. Alley "was familiar and possessed evidence" in 2003 that the property contained surface water rights. [RP 18-

19; CN 6] In addition, Appellants attached correspondence to their third-party complaint, dated prior to 2017, supporting the existence of water rights. [RP 24-32] As we explained in our calendar notice, the water rights adjudication was not an extraordinary circumstance preventing timely filing, and in any event, Appellants did not meet their burden to show diligent pursuit of their rights. [CN 5-7]

{4}     Regarding Appellants' contention that this Court did not review the correct portions of the record to evaluate their claims of Appellee's misrepresentations, we note the docketing statement referred only to the correspondence attached as Exhibit B to Appellants' third-party complaint. [DS 7-8] *See* Rule 12-208(D)(3) NMRA (requiring a docketing statement to contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). We have duly considered such correspondence, as reflected in our notice of proposed disposition. [*See* CN 8 (citing to RP 26-32)] To the extent Appellants claim additional correspondence supports their position, they have not provided further details or directed us elsewhere in the record. "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse*, 2009-NMCA-003, ¶ 72.

{5}     Appellants have not otherwise asserted any facts, law, or argument in their memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{6}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

{7}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**M. MONICA ZAMORA, Judge**